UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANNON LOVETT,

    Plaintiff,

  v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

No. C06-724-JCC-MJB

ORDER

This matter comes before the Court on Plaintiff's application for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), the Report and Recommendation of United States Magistrate Judge Monica J. Benton ("R&R") (Dkt. No. 14), and Plaintiff's Objections to the R&R (Dkt. No. 16). Having reviewed the materials submitted by the parties, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on November 23, 1994, alleging disability since June 1, 1992 resulting from depression and post-traumatic stress disorder ("PTSD") related to a 1988 workplace rape and subsequent harassment. The claim was denied initially and upon reconsideration. Administrative Law Judge ("ALJ") Verrell Dethloff, upon testimony from

ORDER – 1

Plaintiff, issued an unfavorable decision on December 24, 1996, finding Plaintiff able to perform a significant number of jobs and thus not disabled. The Appeals Council denied Plaintiff's request for review, but upon Plaintiff's appeal to the District Court a stipulation to remand was entered on April 12, 1999. Meanwhile, Plaintiff's insurance expired in December 1997.

On remand, ALJ Ruperta Alexis issued an unfavorable decision on March 15, 2000 upon taking the testimony of treating psychiatrist Dr. Wendy Freed and vocational expert ("VE") John D. Fountaine. The transcript from this hearing, however, could not be obtained by the Appeals Council and the matter was remanded yet again. On October 8, 2003, ALJ Edward Nichols held a hearing in which Plaintiff and VE Robert Aslan testified. ALJ Nichols subsequently issued an unfavorable decision on February 27, 2004, finding that Plaintiff was able to perform a significant number of jobs in the state and national economies. The Appeals Council denied administrative review, making the Commissioner's decision final and leading to appeal to the District Court. United States Magistrate Judge Monica J. Benton issued a Report and Recommendation ("R&R") on February 16, 2007, recommending that this Court affirm the Commissioner's decision. Plaintiff filed Objections to the R&R on March 5, 2007, alleging that the Magistrate Judge's R&R was erroneous due to (1) failure to apply the proper harmless error standard, (2) affirming the findings of the ALJ regarding errors which were uncontested by the Commissioner, (3) failing to consider several alleged errors made by the ALJ in considering evidence related to the medical testimony of Dr. Freed, and (4) finding no inconsistency with respect to the ALJ's credibility determinations of Plaintiff.

**II.    STANDARD OF REVIEW**

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). A denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton ex. Rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *see also Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence means "more than a scintilla, but less

ORDER – 2

than a preponderance," *Bustamente v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)), or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes*, 881 F.2d at 750). If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld. *Burch*, 400 F.3d at 679; *see Andrews*, 53 F.3d at 1039–40.

## III. ANALYSIS

Plaintiff contends that the Magistrate Judge (1) applied the incorrect standard for harmless error, (2) should have reversed the ALJ for errors not specifically contested in the Commissioner's brief, (3) failed to consider improper grounds on which the ALJ rejected the testimony of treating physician Dr. Freed, and (4) erred in failing to hold the ALJ's credibility finding regarding Plaintiff to be contradictory and unreviewable.

### A. Harmless Error

Plaintiff contends that the Magistrate Judge failed to apply the correct standard for harmless error, citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050 (9th Cir. 2006). According to Plaintiff, the Magistrate Judge found two errors with respect to the ALJ's rejection of Dr. Freed's opinions: (1) a finding that they were obtained for litigation purposes, and (2) an erroneous interpretation of *Moore v. Comm'r of Soc. Serv.*, 278 F.3d 920 (9th Cir. 2002), for the proposition that retrospective evidence is of little value. (Obj. 4 (*see infra* subsection III.C.1 for a discussion of the second of these errors).) Under the standard set forth in *Stout*, an ALJ's failure to properly discuss and determine the credibility of lay witnesses favorable to the claimant is error that must be reversed whenever the Court cannot confidently conclude that no reasonable ALJ could have reached a different disability determination. *Id.* at 1056. It is difficult to see why it would be necessary to apply this standard here, as no error was found by the

ORDER – 3

Magistrate Judge—and none has been alleged by Plaintiff—regarding lay witness testimony. Apparently, Plaintiff nevertheless seeks to apply the *Stout* standard to any and all errors made by an ALJ. (Obj. 4.) No court has extended *Stout* to apply to errors regarding expert testimony, and this Court cannot do so here. *See, e.g., Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

The ALJ is required to provide clear and convincing reasons supported by substantial evidence for not relying on the uncontroverted medical opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). This standard requires evidence a reasonable person *might* accept as adequate to support the conclusion reached. *Smolen v. Chater*, 80 F.3d 1273, 1292–93 (9th Cir. 1996). Here, the ALJ discussed Dr. Freed's testimony in detail and outlined multiple reasons for rejecting it apart from the fact that it was obtained for litigation purposes, including contradictions between Dr. Freed's earlier reports and her 2003 interrogatory. (*See* R&R 8.) As the Magistrate Judge held, internal contradictions within a physician's opinions and observations may provide sufficient clear and convincing reasons to reject that doctor's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Even in the cases cited by Plaintiff, a medical opinion dismissed improperly by an ALJ because it was requested by an attorney required remand only in the absence of other discrediting evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998); *Smolen*, 80 F.3d at 1292–93. Because sufficient alternate reasons were given providing substantial evidence which would enable a reasonable person to discredit Dr. Freed's opinion, any error in rejecting Dr. Freed's opinion because it was obtained for the purpose of litigation was harmless.

### B.     Uncontested Errors

Plaintiff contends numerous times in her objections that the Magistrate Judge should not have rejected certain claims of error because they were not disputed in Defendant's brief. (Obj. 2, 6.) Although this Court may be entitled to find an issue against a party if it fails to submit a responsive brief, it is by no means *required* to do so; the Court is entitled to decide the merits of the case. Plaintiff cannot eliminate her burden to persuade the Court that an error took place because Defendant may not have

ORDER – 4

specifically addressed each error alleged.

### C.  Findings Related to Dr. Freed's Opinions

Plaintiff alleges several errors made by the ALJ that she claims the Magistrate Judge failed to adequately address, all of which were utilized by the ALJ in rejecting the opinion of Dr. Freed.  These include (1) the ALJ's rejection of Dr. Freed's opinion due to its retrospective nature, (2) the ALJ's consideration of the episodic nature of Plaintiff's impairment, and (3) references made by the ALJ to Plaintiff's experimentation with drugs.

#### 1.  Retrospective Evidence

The ALJ referenced *Moore*, 278 F.3d 920, in a footnote to his discussion of Dr. Freed's opinion, stating, "While not specifically on point, I note *Moore*, which indicates post period of disability evidence is of little relevance for a claimant's condition during the period of disability.  Here, the interrogatories are in 2003, the date last insured is 1997, hence little relevance." (Administrative Record ("AR") 393 (internal citations omitted).)  It is true that *Moore* does not stand for the proposition for which it was cited.  Rather, the *Moore* court held only that later periods of employment following disability are to be given little weight in assessing the pre-employment condition and did not discuss the weight to be assessed to the continuance of a disability beyond the insured date.  However, as found by the Magistrate Judge, this was hardly central to the ALJ's decision, and thus any error in citation to *Moore* was harmless.  Yet Plaintiff contends that this was indicative of the ALJ's tendency to discount retrospective evidence in general, and that recent medical opinions should be considered credible because they benefit from hindsight.  (Obj. 5.)

Post-insured occurrence or worsening of a disability is relevant to assess the prior disability.  *Smith v. Bowen*, 849 F.2d 1222 (9th Cir. 1988).  This does not mean, however, that the recent opinion of a medical expert that is inconsistent with earlier assessments is necessarily more credible than prior opinions, especially when the previous assessment took place during the relevant period.  For example, an ALJ may reject a medical opinion which is brief, conclusory, or not sufficiently supported.  *Bayliss*, 427

ORDER – 5

F.3d at 1216 (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)). She may also reject the opinions of a doctor which contradict one another. *Id.* Finally, a retrospective diagnosis, even one benefitting from hindsight, may be rejected in favor of earlier reports. *Magallenes*, 881 F.2d at 754. Here, the ALJ referred to each of these reasons as cause for skepticism of Dr. Freed's 2003 opinion, and provided specific reasons for each finding. Therefore, there was no error in these findings.

### 2.  Episodic Impairment

Social Security Ruling 96-8p provides that the standard for assessing the Residual Functioning Capacity ("RFC") of a claimant is sustained work, requiring the working of eight hours a day, five days a week, or its equivalent. SSR 96-8p (1996). Plaintiff argues that because the ALJ referenced Dr. Freed's opinion that her depression "comes and goes," the ALJ improperly held an episodic impairment to not constitute a disability. However, the context of this statement reveals the ALJ was referring to the consistency and credibility of Dr. Freed's conclusions, not making a direct determination of step 5 disability. (AR 391.) Presumably the ALJ believed Plaintiff capable of working full-time, because he found Plaintiff capable of performing the jobs of filing clerk, assembler, and processor as recommended by the VE. (AR 393–94.) Plaintiff's argument is without merit.

### 3.  Drug Use

Similarly, Plaintiff contends the ALJ's reference to her experimentation with drugs was improper because the ALJ had never made a finding that she had a medically determinable substance use impairment. This argument divorces the comment from its context. The ALJ's reference to drug use was in summarizing factors not mentioned by Dr. Freed in her interrogatories, and included not only drug use but also that Plaintiff had married, had a child with a serious health condition, and attended school during the relevant period. (AR 393.) These factors were ignored by Dr. Freed in her 2003 interrogatory, leading the ALJ to find the report overly general and not credible. *Id.* Thus, for the purpose utilized, whether the ALJ found Plaintiff's drug use to be a medically determinable impairment was completely irrelevant.

ORDER – 6

### D. Findings Regarding Plaintiff's Credibility

The ALJ found Plaintiff to be a "very credible witness" (AR 391) and yet "not totally credible" regarding her work limitations (AR 394). The Magistrate Judge reconciled these two findings by holding that the ALJ had adequately explained his reasoning for rejecting Plaintiff's credibility in the particular area of employment limitation, and thus the issue of credibility was not unreviewable. (R&R 12.)

In support of her argument that the alleged inconsistency requires remand, Plaintiff cites a Seventh Circuit case, which concluded that certain findings may be inconsistent and thus unreviewable. *Peterson v. Chater*, 96 F.3d 1015, 1016 (7th Cir. 1996). That case did not involve credibility findings, but whether the claimant was capable of standing for a prolonged period, where the ALJ had found the claimant to be incapable of doing so, yet capable of performing work which would require just that. *Id.* In the absence of further discussion, such a record was held unreviewable. *Id.*

Here, in contrast, the ALJ legitimately could have meant that Plaintiff was very credible in general, yet not quite credible with respect to her specific vocational abilities. Indeed, within the very same paragraph stating that he found Plaintiff to be a credible witness, the ALJ proceeded to provide examples of how Plaintiff had successfully managed to deal with her difficulties and maintain an active lifestyle, contradicting her claim of being unable to work. (AR 391.) This context explains the ALJ's later official finding that Plaintiff was "not totally credible." (AR 394.) Therefore, the record is clear and reviewable, and complies with the requirement that the ALJ provide specific, clear and convincing reasons for finding a lack of claimant credibility. *Smolen*, 80 F.3d at 1281. Accordingly, this claim of error fails.

ORDER – 7

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation and AFFIRMS the decision of the Social Security Commissioner. The Clerk is DIRECTED to send copies of this Order to all counsel and to Magistrate Judge Benton.

SO ORDERED this 9th day of July, 2007.

John C. Coughenour
United States District Judge

ORDER – 8